

**IT IS ORDERED as set forth below:**

**Date: September 29, 2025**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO. 24-21491-JRS** |
| **SLATER PARK, LLC, _et al_,** | **CHAPTER 11** |
| | **SLATER HOSPITALITY EVENTS, LLC** |
| **Debtors.** | **SLATER TOWER, LLC** |
| | **SLATER RESTAURANT, LLC** |
| | **SLATER HOSPITALITY, LLC** |
| | **Jointly Administered** |

<u>**ORDER CONFIRMING DEBTORS SLATER PARK, LLC, SLATER TOWER, LLC,**</u>
<u>**SLATER RESTAURANT, LLC, AND SLATER HOSPITALITY EVENTS, LLC'S**</u>
<u>**SECOND AMENDED PLAN OF REORGANIZATION**</u>

On September 25, 2025, the Court held a hearing (the "**Confirmation Hearing**") regarding

Debtors request for confirmation of their _Second Amended Plan of Reorganization_ dated

September 23, 2025 [Doc. No. 153] (the "**Plan**").

### FINDINGS OF FACT [1]

On November 22, 2024 (the "**Petition Date**"), Debtor Slater Park, LLC ("**Park**"), Slater Tower, LLC ("**Tower**"), Debtor Slater Restaurant, LLC ("**Restaurant**"), and Debtor Slater Hospitality Events, LLC ("**Events**") (Park, Tower, Restaurant, and Events collectively are referred to as "**Debtors**").  Debtors filed their individual voluntary petitions with the Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, (the "**Bankruptcy Code**"). The bankruptcy cases are jointly administered under the Park bankruptcy case.

Debtors have continued to manage their affairs and property as a debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed.

On June 23, 2025, Debtors filed their *Joint Plan of Reorganization* [Doc. No. 123]. Debtors also filed their *Joint Disclosure Statement for Plan of Reorganization* [Doc. No. 122] (the "**Disclosure Statement**").[2] On June 27, 2025, Debtors filed a *Motion for the Entry of an Order (A) Approving the Joint Disclosure Statement, (B) Setting Deadlines for Submitting Ballots and Objections to Debtors' Joint Plan of Reorganization, and (C) Fixing the Date, Time, and Place for the Hearing on Confirmation of the Joint Plan of Reorganization* [Doc. No. 124].

On August 4, 2025, Debtors filed their Amended Joint Disclosure Statement [Doc. No. 141] and, on August 7, 2025, Debtors filed their Amended Joint Plan of Reorganization [Doc. No, 142].

---

[1] The findings and conclusions set forth in this Confirmation Order and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

On August 11, 2025, the Court entered the *Order and Notice (A) Approving the Amended Joint Disclosure Statement, (B) Setting Deadline for Submitting Ballots and Objections to Debtors' Amended Joint Plan of Reorganization, and (C) Fixing the Date, Time, and Place for the Hearing on Confirmation of the Plan* [Doc. No. 143] (the "**Confirmation Hearing Notice**") that, among other things, (a) conditionally approved the Disclosure Statement as containing adequate information, (b) set a deadline for submitting ballots and objections to the Plan, and (c) scheduled a hearing to consider confirmation of the Plan. Pursuant to the Confirmation Hearing Notice, the Confirmation Hearing was scheduled for September 25, 2025, and the deadline to submit ballots and/or to object to confirmation of the Plan was set for September 12, 2025.

In accordance with the Confirmation Hearing Notice, Debtors assert that on August 11, 2025, it transmitted a copy of (i) the Confirmation Hearing Notice, (ii) the Plan, (iii) the Disclosure Statement, and (iv) a ballot (collectively, the "**Solicitation Package**") to all creditors, equity holders, and other parties-in-interest who have requested service, the U.S. Trustee, and all persons entitled to receive notice pursuant to the Bankruptcy Rules (the "**Notice Parties**") [Doc. No. 144]. Debtors assert that they served the Solicitation Packages in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Confirmation Hearing Notice. Debtors served the Plan and Disclosure Statement on all Notice Parties on August 11, 2025 as evidenced by the Certificate of Service filed on August 11, 2025 [Doc No. 144].

Debtors assert that adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Confirmation Hearing Notice was provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Hearing Notice.

-3-

Counsel for Debtors filed a Summary of Voting on Plan of Reorganization filed on September 23, 2025 (the "**Voting Summary**") [Doc. No. 151], which indicated that impaired Classes 2, 3, and 4 voted to accept the Plan.

On September 23, 2025, Debtors filed their Second Amended Plan [Doc. No. 153] that was served on all parties who voted on the Plan on September 23, 2025.

NOW, THEREFORE, the Court having reviewed and considered the Plan, the Voting Summary, the representations of counsel at the Confirmation Hearing, the Disclosure Statement, the Plan, the proffered testimony of Mr. Brett Hull-Ryde, the Chief Financial Officer of Debtors, and all other matters of record in these bankruptcy cases, and it appearing to the Court that (i) notice of the Confirmation Hearing was adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby and (ii) legal and factual basis exist to establish just cause for the relief granted herein; and after due deliberation and good cause appearing therefor, the Court hereby makes the following Conclusions of Law:

**CONCLUSIONS OF LAW:**

Jurisdiction and Venue. This Court has jurisdiction over this case and over the subject matters of this Order pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Core Proceeding. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. Debtors have consented to the entry of a final order by the Court to the extent necessary.

Burden of Proof. Based on the record of this case, Debtors have met the burden of proving each element of § 1129(b) of the Bankruptcy Code by a preponderance of the evidence. The

requirements for confirmation set forth in §§ 1129(a) and (b) of the Bankruptcy Code, which include by reference §§ 1122(a) and 1123(a)(1) of the Bankruptcy Code, have been satisfied.

Compliance with § 1129(a)(1) of the Bankruptcy Code. The Plan complies with applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1) of the Bankruptcy Code.

Compliance with § 1129(a)(2) of the Bankruptcy Code. Debtors have complied with the applicable provisions of the Bankruptcy Code, including with respect to the Plan and the solicitation of acceptances thereof, thereby satisfying § 1129(a)(2) of the Bankruptcy Code. Specifically:

a. Debtors are proper debtors under § 109 of the Bankruptcy Code and proper proponents of the Plan under § 1121(a) of the Bankruptcy Code.

b. Debtors have complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

c. Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Hearing Notice in transmitting the Solicitation Packages to holders of impaired classes and in soliciting and tabulating votes on the Plan.

Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3) of the Bankruptcy Code.

Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by Debtors for services or for costs and expenses in connection with these cases, or in connection with the Plan and incident to these cases, requiring approval, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4) of the Bankruptcy Code.

Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)). The Plan states that Amanda Slater, Kelvin Slater, and Brett Hull-Ryde shall continue to serve as the director of media, the chief executive officer, and the chief financial officer, respectively, for the Reorganized Debtors and the Disclosure Statement states that each of them shall continue their salaried employment with the Reorganized Debtors; thus, satisfying § 1129(a)(5) of the Bankruptcy Code.

No Rate Changes (11 U.S.C. § 1129(a)(6)). The Plan does not provide for any change in rates that require regulatory approval of any governmental agency. Thus, § 1129(a)(6) of the Bankruptcy Code is not applicable.

Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)). The Plan satisfies § 1129(a)(7) of the Bankruptcy Code because each holder of a claim or interest in an impaired class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if Debtors were liquidated in a chapter 7 bankruptcy case. The liquidation analysis presented at the Confirmation Hearing establishes that in a hypothetical chapter 7 liquidation, the net proceeds of a sale of Debtors' assets would not pay unsecured creditors less than they are receiving under Debtors' Plan. Thus, the Plan satisfies § 1129(a)(7) of the Bankruptcy Code.

Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(8)). As set forth in the Voting Summary, the Plan was accepted by all Classes. Impaired Class 2, Impaired Class 3, and Impaired Class 4 voted to accept the Plan.

Treatment of Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Allowed Administrative Claims and allowed non-tax priority claims satisfies the requirements of §§ 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of allowed priority tax claims

satisfies the requirements of § 1129(a)(9)(C) of the Bankruptcy Code, thereby satisfying § 1129(a)(9) of the Bankruptcy Code.

Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)). As set forth in the Voting Summary, each Impaired Class voted to accept the Plan, thereby satisfying § 1129(a)(10) of the Bankruptcy Code.

Feasibility (11 U.S.C. § 1129(a)(11)). The evidence proffered in the Plan and at the Confirmation Hearing establishes that the Plan is feasible, thereby satisfying the requirements of § 1129(a)(11) of the Bankruptcy Code. Debtors have demonstrated a reasonable assurance of the Plan's prospects for success.

Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees payable to the Court or to the office of the United State Trustee have been paid or will be paid; thereby, satisfying § 1129(a)(12) of the Bankruptcy Code.

Remainder of 11 U.S.C. § 1129(a) Inapplicable.  Subsections 13, 14, 15, and 16 of section 1129(a) of the Bankruptcy Code are not applicable here because (i) Debtors do not provide any retiree or benefit plans, (ii) Debtors are not subject to any domestic support obligations, (iii) no unsecured claimholders objected to the Plan, and (iv) Debtors are not non-profit entities.

Only One Confirmed Plan. The Court has not confirmed any other plan of reorganization in this case; accordingly, 11 U.S.C. § 1129(c) is satisfied.

Principal Purpose of Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of § 5 of the Securities Act of 1933 (15 U.S.C. § 77e), and no governmental unit has objected to the confirmation of the Plan on such grounds. The Plan, therefore, satisfies the requirements of § 1129(d) of the Bankruptcy Code.

Good Faith Solicitation (11 U.S.C. § 1125(e)). The evidence proffered establishes that Debtors have solicited acceptances or rejections of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, § 1125 of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of the Court and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation. Accordingly, Debtors and their agents, representatives, and attorneys are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

Satisfaction of Confirmation Requirements. Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in § 1129 of the Bankruptcy Code.

Retention of Jurisdiction. This Court may properly retain jurisdiction over this case and all matters arising under, arising in, or related to, these cases and the Plan and this Confirmation Order to the fullest extent permitted by law.

**It is now, therefore, hereby ORDERED as follows:**

Confirmation of the Plan. The Plan and each of its provisions (whether or not specifically approved herein) are approved and confirmed under § 1129 of the Bankruptcy Code. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local bankruptcy rules of the Court.

Binding Effect. Pursuant to § 1141 of the Bankruptcy Code, effective as of the Effective Date of the Plan, the provisions of the Plan and this Confirmation Order shall be binding on (i) Debtors, (ii) all holders of Claims against Debtors, whether or not impaired under the Plan and whether or not such holders have accepted or rejected the Plan, (iii) each Person or entity receiving, retaining, or otherwise acquiring property under the Plan, (iv) any non-debtor party to an executory contract or unexpired lease with Debtors, (v) any Person or entity making an appearance in these

-8-

bankruptcy cases or any other party-in-interest in these bankruptcy cases, and (vi) each of the foregoing's' successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, or beneficiaries.

Revesting of Assets. After the Effective Date, all property and assets of Debtors' bankruptcy estates, and any other assets or property acquired by Debtors or the Reorganized Debtors under or in connection with the Plan, shall vest in the Reorganized Debtors free and clear of all Claims, liens, encumbrances, charges and other interests, without supervision or approval of the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules other than those restrictions expressly imposed by the Plan and this Confirmation Order.

Bankruptcy Code Provisions Inapplicable to Reorganized Debtors. On and after the Effective Date, the Reorganized Debtors may manage their businesses and their property and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending cases under any chapter or provisions of the Bankruptcy Code, except as provided herein.  The Reorganized Debtors may open and utilize bank accounts and may employ professionals as they deem necessary in their sole discretion and shall no longer be required to use debtor-in-possession accounts or obtain Court approval for retention and compensation of professionals.

Authority to Act. Debtors, through the Effective Date, and the Reorganized Debtors, and their respective authorized representatives, are authorized and empowered to take any and all actions necessary or desirable to implement the transactions contemplated by the Plan and this Confirmation Order, in each case without any requirement of notice to, order of, or hearing before the Court. Each federal, state, and local governmental agency or department is hereby authorized

and directed to accept any and all documents and instruments necessary and appropriate to consummate the Plan and the transactions contemplated thereby.

Government Approvals Not Required. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any governmental authority with respect to the implementation or consummation of the Plan, and any documents instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments or agreements contained therein, and any amendments or modifications of any of the foregoing.

Resolution of Disputed Claims. Except as otherwise ordered by the Court, any Disputed Claim shall be determined, resolved, or adjudicated in accordance with the terms of this Confirmation Order and the Plan.

Injunctions. Except as otherwise provided in the Plan, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold,  or may hold Claims against Debtors or the Estates are, with respect to any such Claims, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting Debtors, or Reorganized Debtors, or any of their property or any direct or indirect successors in interest to Debtors or Reorganized Debtors or any property of any such successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against Debtors or Reorganized Debtors or any of their property, or any

direct or indirect successor in interest to Debtors or Reorganized Debtors or any property of any such successor; (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against Debtors or Reorganized Debtors or any of their property, or any successor in interest to Debtors or Reorganized Debtors; and (d) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan and to the full extent permitted by applicable law.

Headings. The headings contained within this Confirmation Order are used for the convenience and shall not alter or affect the meaning of the text of this Confirmation Order.

References to Plan Provisions. The failure specifically to include or reference any particular provision of the Plan or in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan (and any exhibits and schedules thereto) be confirmed in its entirety and incorporated herein by reference.

Retention of Jurisdiction. Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain jurisdiction over these bankruptcy cases and all matters arising under, arising in, or related to, these bankruptcy cases and the Plan to the fullest extent permitted by law. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Confirmation Order.

### END OF ORDER ###

Prepared and presented by:

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy
Georgia Bar No. 370092
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtors*
*Slater Park, LLC, Slater Tower, LLC,*
*Slater Restaurant, LLC, and*
*Slater Hospitality Events, LLC*

## Distribution List

Ceci Christy
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

United States Bankruptcy Court

Northern District of Georgia

In re:                                                                                                          Case No. 24-21491-jrs

Slater Park, LLC                                                                                        Chapter 11

Slater Hospitality, LLC

    Debtors

# CERTIFICATE OF NOTICE

| District/off: 113E-8 | User: bncadmin | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Sep 29, 2025 | Form ID: pdf521 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol       Definition**

+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 01, 2025:**

**Recip ID                Recipient Name and Address**
db             +  Slater Park, LLC, 4514 Chamblee Dunwoody Rd, Ste. 214, Atlanta, GA 30338-6272

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 01, 2025                Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 29, 2025 at the address(es) listed below:**

**Name                    Email Address**

Alan C. Hochheiser

        on behalf of Creditor AmTrust North America  Inc. ahochheiser@mauricewutscher.com

Alexander Jay Bell

        on behalf of Creditor Choate Construction Company abell@hlpwlaw.com  kmcdaniel@hlpwlaw.com

Andres H. Sandoval

        on behalf of Creditor United States of America on behalf of U.S. Small Business Administration andres.sandoval@usdoj.gov CaseView.ECF@usdoj.gov;deanna.lancaster@usdoj.gov

Ceci Christy

        on behalf of JointAdmin Debtor Slater Hospitality Events  LLC cchristy@rlkglaw.com, wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emiller@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Ceci Christy

District/off: 113E-8 User: bncadmin Page 2 of 3

Date Rcvd: Sep 29, 2025 Form ID: pdf521 Total Noticed: 1

on behalf of JointAdmin Debtor Slater Tower LLC cchristy@rlkglaw.com,
wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emille
r@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Ceci Christy

on behalf of Debtor Slater Hospitality LLC cchristy@rlkglaw.com,
wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emille
r@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Ceci Christy

on behalf of Debtor Slater Tower LLC cchristy@rlkglaw.com,
wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emille
r@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Ceci Christy

on behalf of JointAdmin Debtor Slater Hospitality LLC cchristy@rlkglaw.com,
wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emille
r@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Ceci Christy

on behalf of Debtor Slater Park LLC cchristy@rlkglaw.com,
wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emille
r@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Ceci Christy

on behalf of JointAdmin Debtor Slater Restaurant LLC cchristy@rlkglaw.com,
wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emille
r@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Ceci Christy

on behalf of Debtor Slater Restaurant LLC cchristy@rlkglaw.com,
wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emille
r@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Ceci Christy

on behalf of Debtor Slater Hospitality Events LLC cchristy@rlkglaw.com,
wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emille
r@rlkglaw.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

David S. Weidenbaum

on behalf of U.S. Trustee Office of the United States Trustee david.s.weidenbaum@usdoj.gov

Elizabeth Barger Rose

on behalf of Creditor Jamestown Ponce City Market L.P. Elizabeth@caiolarose.com,
amber@caiolarose.com;tina@caiolarose.com;sarah@caiolarose.com

Emily Kornfeld

on behalf of Creditor Choate Construction Company ekornfeld@hlpwlaw.com

G. Frank Nason, IV

on behalf of Interested Party Kelvin F Slater fnason@lcenlaw.com NasonFR86494@notify.bestcase.com;jkortman@lcenlaw.com

G. Frank Nason, IV

on behalf of Interested Party Amanda F Slater fnason@lcenlaw.com
NasonFR86494@notify.bestcase.com;jkortman@lcenlaw.com

Graham H. Stieglitz

on behalf of Creditor Truist Bank gstiegli@burr.com brobinson@burr.com

Graham H. Stieglitz

on behalf of Creditor TRUIST BANK gstiegli@burr.com brobinson@burr.com

Kevin Hudson

on behalf of Creditor Choate Construction Company khudson@hlpwlaw.com fslaveikis@hlpwlaw.com

Kimberly B. Reeves

on behalf of Creditor Jamestown Ponce City Market L.P. kimberly@caiolarose.com,
tina@caiolarose.com,amber@caiolarose.com,sarah@caiolarose.com

Office of the United States Trustee

ustpregion21.at.ecf@usdoj.gov

Vivieon K Jones

on behalf of Creditor United States of America on behalf of the U.S. Small Business Administration vivieon.jones@usdoj.gov
deanna.lancaster@usdoj.gov,mailto:CaseView.ECF@usdoj.gov

Vivieon K Jones

on behalf of Creditor United States of America by and through the U.S. Small Business Administration vivieon.jones@usdoj.gov
deanna.lancaster@usdoj.gov,mailto:CaseView.ECF@usdoj.gov

Will B. Geer

on behalf of Debtor Slater Hospitality Events LLC wgeer@rlkglaw.com,
dsideris@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emil

District/off: 113E-8                          User: bncadmin                                    Page 3 of 3

Date Rcvd: Sep 29, 2025                      Form ID: pdf521                              Total Noticed: 1

ler@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Will B. Geer

on behalf of Attorney Rountree Leitman Klein & Geer  LLC wgeer@rlkglaw.com,
dsideris@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emil
ler@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Will B. Geer

on behalf of Debtor Slater Park  LLC wgeer@rlkglaw.com,
dsideris@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emil
ler@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

Will B. Geer

on behalf of Debtor Slater Tower  LLC wgeer@rlkglaw.com,
dsideris@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emil
ler@rlkglaw.com;lmassey@rlkglaw.com;lpolvino@rlkglaw.com

William A. Rountree

on behalf of Debtor Slater Restaurant  LLC wrountree@rlkglaw.com,
6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emille
r@rlkglaw.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino&#06

William A. Rountree

on behalf of Debtor Slater Hospitality  LLC wrountree@rlkglaw.com,
6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emille
r@rlkglaw.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino&#06

William A. Rountree

on behalf of Debtor Slater Park  LLC wrountree@rlkglaw.com,
6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emille
r@rlkglaw.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com;lpolvino&#06


TOTAL: 31